JOHN K. ROODE, PLAINTIFF IN ERROR, v. MARTIN. SHERER, DEFENDANT IN ERROR.

**Practice in Supreme Court.** The paper claimed to be a bill of exceptions being quashed, and there being no point raised. or question involved in the case, which can be considered without an examination of the testimony on which the judgment. was rendered, the judgment must be affirmed.

ERROR to the district court for Jefferson county. Tried below before WEAVER, J.

*John K. Roode, pro se.*

*Brown & Ryan Brothers,* for defendant in error.

COBB, J.

In this case there was a trial and judgment for the defendants Sherer & Brown in the court below. The plaintiff brings the cause to this court by petition in error. No service of summons in error was made on Brown. The defendant in error (Sherer) moved to quash the bill of exceptions, assigning five causes as follows:

" 1. Because the pretended bill of exceptions was never certified as required by law.

" 2. Because the pretended bill of exceptions was never served upon either of the defendants in error or anyone else as required by law.

" 3. Because the so called bill of exceptions is not authenticated as required by law.

" 4. Because the only pretended authentication to said bill of exceptions so called, is the signature of the plaintiff in error thereto.

" 5. Because there is nothing to show that the pretended bill of exceptions contains all the evidence introduced or offered on the trial of said action."

An examination of the record verifies all of the above charges against the bill of exceptions to be well founded; and the court having sustained the said motion and ordered the said bill of exceptions quashed, the cause was submitted generally. Upon a careful examination of the record I find no point made or ground of error set out which can be examined or considered in the absence of a bill of exceptions. The record presents a case identical with that of *McCathron v. McCathron*, *ante* p. 144, except that in this case there was no agreement or stipulation of counsel as to the paper claimed to be a bill of exceptions; the petition in error sets out no point of error which could be considered with or without a bill of exceptions, and there appears to have been no motion for a new trial in the case. Nothing remains therefore possible for this court but to affirm the judgment. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.